# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGAN TRAN, <br><br> Plaintiff, <br><br> v. <br><br> DAVID LABABIT, ALEXIA MARTINEZ, <br><br> Defendants. | Case No. 18-cv-00400-BAS-BGS <br><br> **ORDER:** <br><br> **(1) REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION; AND** <br><br> **(2) TERMINATING MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF No. 2)** |

On February 22, 2018, Alexia Martinez removed this matter to federal court pursuant to 28 U.S.C. §§ 1441 and 1446 based on federal question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.) On the same day, Ms. Martinez filed a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.)

A court addresses the issue of subject matter jurisdiction first, as "[t]he requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman–Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

The case removed here is a residential unlawful detainer action. (Compl. – Unlawful Detainer, Notice of Removal Ex. A, ECF No. 1-3.) It contains one cause of action for unlawful detainer brought pursuant to California Code of Civil Procedure section 1161. (*Id.*) Ms. Martinez, however, is not specifically named as a

defendant in the Complaint. (*See id.*) The removal statute provides that an action "may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). Therefore, if Ms. Martinez is not a defendant, she cannot use the removal statute. *See id.*; *see also, e.g.*, *Concilio Evangelico de Puerto Rico v. Negron*, 178 F. Supp. 2d 49, 52 (D.P.R. 2001) (noting whether the party seeking to remove the case is a defendant "is crucial, for only a defendant may properly remove a case to federal court").

That being said, the Complaint names unidentified "Doe Defendants." (Compl. – Unlawful Detainer.) It appears Ms. Martinez is one. (*See* Notice of Removal ¶¶ 1, 17.) She alleges she has the right to possess the property because she was a tenant of the property's prior owner—Defendant David Lababit. (*Id.*; *see also* Prejudgment Claim of Right of Possession, ECF No. 1-3 at 10–12.) Thus, given that Plaintiff's Complaint seeks to evict any person who is in possession of the premises, the Court construes the Complaint as naming Ms. Martinez as one of the unidentified Doe Defendants.

With that issue addressed, the Court notes that Ms. Martinez seeks to remove this action from state court based upon federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal "defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, (1987)). A case, therefore, may not be removed to federal court based on a federal defense "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of*

*Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Rivet*, 522 U.S. at 475.

As mentioned, this case is a residential unlawful detainer action. Hence, the action arises exclusively under California state law. Ms. Martinez argues in her Notice of Removal that a federal question exists because she believes federal law prevents her eviction. (Notice of Removal ¶¶ 5–14.) The Court is not convinced that federal question jurisdiction exists. Plaintiff's Complaint does not raise a federal issue. At best, Ms. Martinez raises a federal defense to Plaintiff's action. But, even if true, this Court lacks federal question jurisdiction under the well-pleaded complaint rule. *See Rivet*, 522 U.S. at 475; *see also, e.g.*, *Wells Fargo Bank NA v. Zimmerman*, No. 2:15-cv-08268-CAS-MRWx, 2015 WL 6948576, at *4 (C.D. Cal. Nov. 10, 2015) (remanding unlawful detainer action to state court); *McGee v. Seagraves*, No. 06-CV-0495-MCE-GGH-PS, 2006 WL 2014142, at *3 (E.D. Cal. July 17, 2006) (same). Plaintiff can raise her defense in state court, but she cannot rely on it to remove this action to this Court. *See, e.g.*, *Aurora Loan Servs., LLC. v. Martinez*, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010).

Accordingly, Ms. Martinez fails to meet her burden of establishing this Court's jurisdiction under 28 U.S.C. § 1331. Thus, the Court **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Further, because the Court lacks jurisdiction over this case, the Court **TERMINATES** Ms. Martinez's motion to proceed *in forma pauperis* (ECF No. 2).

**In addition, the Court warns Ms. Martinez that any further attempt to remove this action without an "objectively reasonable basis for removal" may result in an award of attorneys' fees for Plaintiff.** *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); 28 U.S.C. § 1447(c); *see also Wells Fargo Bank Nat'l Ass'n v. Vann*, No. 13–cv–01148–YGR, 2013 WL 1856711, at *2 (N.D. Cal.

May 2, 2013) (awarding $5,000.00 in attorneys' fees pursuant to 28 U.S.C. § 1447(c) following defendant's third attempt to remove unlawful detainer action despite the court's two prior orders remanding the action).

**IT IS SO ORDERED.**

**DATED: February 26, 2018**

Hon. Cynthia Bashant
United States District Judge